**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-03-14-M |
| | ) | (CIV-04-1050-M) |
| JOSEPH PHILLIP BROWN JR., | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## <u>ORDER</u>

Defendant-Movant Joseph Phillip Brown Jr. ("Brown"), a federal prisoner, filed a Motion

Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody on August 23, 2004.  On October 15, 2004, plaintiff-respondent United States of America

filed its response to Brown's motion.  On October 22, 2004, Brown filed an amendment to his §

2255 motion, and on October 29, 2004, the government filed its response to Brown's amendment

to his § 2255 motion.[1]

I.    <u>Introduction</u>

On January 21, 2003, a grand jury returned an indictment, charging Brown in Count 1 with

making and possessing a counterfeit security in violation of 18 U.S.C. § 513(a) and in Count 2 with

possessing five or more identification documents with intent to use unlawfully in violation of 18

U.S.C. § 1028(a)(3).  On May 12, 2003, pursuant to a plea agreement, Brown entered a guilty plea

to Count 1 of the Indictment.[2]  As part of his plea agreement, Brown waived his right to appeal or

---

[1]On April 21, 2006, Brown was granted an extension of time until June 16, 2006, to file his response to the government's response and motion for summary dismissal.  As of the date of this Order, no response has been filed.

[2]Pursuant to the plea agreement, at the time of sentencing, Count 2 of the Indictment would be dismissed.

collaterally challenge his sentence and conviction.

On August 20, 2003, Brown was sentenced to 64 months' incarceration, to be followed by a three-year term of supervised release, and to pay restitution in the amount of $385.36 and a special assessment in the amount of $100.  Brown did not appeal his sentence or conviction.

II.     Discussion

   A.     Initial § 2255 motion

In his initial § 2255 motion, Brown asserts that based upon the United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the district court erred in applying the following enhancements: (1) theft from the person of another, (2) obstruction of justice, and (3) leadership role.  "*Blakely* does not apply retroactively on collateral review to convictions that were already 'final' at the time the case was decided by the Supreme Court on June 24, 2004." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005).

In the case at bar, this Court entered judgment on August 22, 2003, and Brown did not pursue a direct appeal.  Thus, his conviction and sentence became final following the ten day window to appeal his case to the Tenth Circuit, or September 1, 2003.  *See* Fed. R. App. P. 4(b)(1)(A).  Accordingly, Brown's case was "final"approximately ten months before the Supreme Court decided *Blakely*.  Brown, therefore, may not raise his *Blakely* claims in the instant § 2255 motion.

   B.     Amendment to § 2255 motion

In his amendment to his § 2255 motion, Brown asserts (1) the district court erred in applying the enhancement for theft from the person of another and (2) the district court erred in applying the enhancement for obstruction of justice.  The government contends that Brown's claims should be

dismissed because they are barred by the waiver of collateral review rights provision contained in his plea agreement.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."  *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[3]  When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ."  *Id.* at 1325.

    1.    Scope of the waiver

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government.  *Id.*

Paragraph 7 of Brown's plea agreement provides:

> Defendant understands that a sentencing guideline range for this case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission.  Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty.  Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea

---

[3]The same standard applies to waivers of collateral review.  *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:

a. Defendant's guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues.

b. Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the positions of the United States or the defendant set forth in paragraph 6 concerning the application of the U.S. Sentencing Guidelines.

c. It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Plea Agreement at ¶ 7 [docket no. 63].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Brown's appeal and collateral attack rights. The Court further finds that the two grounds for relief Brown asserts in his amendment to his § 2255 motion, both challenging sentencing enhancements, fall within this waiver, and specifically within paragraph 7(b) of the Plea Agreement.

  2. <u>Knowing and voluntary</u>

A defendant bears the burden to show that he did not knowingly and voluntarily enter into his plea agreement. *Hahn*, 359 F.3d at 1329.[4] When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the

---

[4]The Court would note that Brown has neither asserted nor presented any evidence that he did not knowingly and voluntarily enter into his plea agreement.

4

defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.  *Id.* at 1325.

In this case, the plea agreement expressly provides that Brown "knowingly and voluntarily waives his right to appeal or collaterally challenge" his conviction and sentence.  Plea Agreement at ¶ 7.  The plea agreement further provides, in the paragraph immediately preceding Brown and his attorney's signatures, that "defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms."  *Id.* at ¶ 15.

Additionally, the Court finds that the record of the Rule 11 colloquy of Brown's guilty plea shows unequivocally that Brown knowingly and voluntarily tendered his plea of guilty pursuant to the plea agreement.  During his change of plea hearing, one of the Assistant United States Attorneys prosecuting the case summarized the relevant terms and conditions of the plea agreement as follows:

> In the plea agreement, essentially the Defendant agrees to enter a plea of guilty to Count 1 of the Indictment and waive both his direct and collateral appeal rights, absent limited circumstances.  That being if the Court, for instance, were to upward depart, the Defendant would retain his right to appeal in that regard.  But otherwise he would waive direct and collateral appeal rights.  In return, the Government will move to dismiss Count 2 of the Indictment at sentencing.  The Government will also give up its direct and collateral appeal rights in that regard.

Transcript of Change of Plea at 9-10.

The Court then questioned defendant's counsel as to the Assistant United States Attorney's summation of the agreement, and defendant's counsel stated that it was an accurate and fair summary.  *Id.* at 10.  The Court then engaged in the following colloquy with Brown:

> THE COURT: Mr. Brown, you have heard the terms stated here generally concerning your plea agreement.  Is it a fair representation of your agreement that you have made in this case?

5

THE DEFENDANT: Yes, it is.

THE COURT: Let me ask you about one of those terms; that is, the waiver or giving up of your right to appeal the final sentence of this Court. Just tell me in your own words what that means. I know that there are conditions attached to giving up that right, which I'm sure Mr. Geary has gone over with you. Tell me generally what your understanding is in giving up your right to appeal. What does that mean?

THE DEFENDANT: That I would not be able to challenge your decision, unless I had an upward departure.

*Id.* at 10-11.

In light of the above, the Court finds that Brown knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his sentence and conviction.

3. Miscarriage of Justice

A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Brown has not alleged the Court relied upon any

6

impermissible factor at sentencing.  Additionally, Brown's sentence of 64 months' incarceration is below the statutory maximum of ten years under 18 U.S.C. § 513(a).  The Court further notes that Brown has not alleged that enforcing his waiver of collateral attack rights will result in a miscarriage of justice.  Finally, after carefully reviewing Brown's grounds for relief, the Court independently concludes that enforcement of his collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Accordingly, for the reasons set forth above, the Court finds that Brown's waiver of his right to collaterally challenge his conviction and sentence should be enforced and that the claims Brown asserts in his amendment to his § 2255 motion should be dismissed.

III.    Conclusion

The Court, therefore, DISMISSES Brown's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and DISMISSES Brown's amendment to his § 2255 motion.

**IT IS SO ORDERED this 3rd day of July, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE